FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JAN -8 2021

RICK WARREN
COURT CLERK

112 _____

# IN THE DISTRICT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| SOMMER FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | Case No. CJ-2020- |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| TRIBUNE CAPITAL MANAGEMENT, LLC ) | ATTORNEY LIEN CLAIM |
| ) | |
| Defendant. ) | |

**CJ - 2021 - 92**

## PETITION

**COMES NOW THE PLAINTIFF,** Sommer Franklin, and pleads his claims as follows:

### PARTIES

1. The Plaintiff is Sommer Franklin, an adult female resident of Oklahoma County, Oklahoma.

2. The Defendant is Tribune Capital Management, LLC, a limited liability company doing business in Oklahoma County, Oklahoma.

### VENUE

3. Ms. Franklin's claims are for disability discrimination and retaliation (including being denied reasonable accommodations) in violation of the Americans with Disabilities Act (ADA) and Oklahoma's Anti-Discrimination Act.

4. The conduct giving rise to this action occurred in Oklahoma County, Oklahoma, such that venue is proper in Oklahoma County, Oklahoma.

**EXHIBIT 1**

## STATEMENT OF FACTS

5. Defendant employed at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or proceeding calendar year. Accordingly, Defendant is an employer under the ADA. There is no minimum employee requirement to be subject to the OADA.

6. Plaintiff is an adult female who was employed at Cedar Hills Apartments, an apartment complex owned by the Defendant, from approximately August 2018 until her wrongful termination on or about February 10, 2020.

7. The Defendant became the owner of Cedar Hills Apartments, and the Plaintiff's employer, around or about December 2018.

8. At the time of Plaintiff's termination, she occupied the job position of Leasing Agent.

9. During all periods of employment, Plaintiff was qualified for her job and performed satisfactorily.

10. Plaintiff is disabled as defined by the Americans with Disabilities Act in that she suffers from Crohn's Disease, Lupus, and Factor 5 Blood Clotting.

11. As a result of the Plaintiff's disability, she occasionally experiences episodes of acute pain and nausea.

12. Plaintiff requested the reasonable accommodation of being permitted to occasionally take time off from work in order to recover from episodes of acute pain and nausea as brought on by her disability, as well as for purposes of attending doctor's appointments related to her disability.

13. Plaintiff had informed the previous owner of Cedar Hill Apartments, her former employer, of her disability during her employment with the prior owner.

14. At the time of Defendant becoming the owner of Cedar Hill Apartments, Reese Travis, owner/investor of Defendant, informed Plaintiff that he had already been made aware of her disability/medical history.

15. On or around December 2019, Plaintiff was placed on Probationary Employment Status.

16. Upon being notified that she was being placed on Probationary Employment Status, Plaintiff asked her immediate supervisor, Rene'e Lanigan, as to why she had been placed on Probationary Employment Status. Ms. Lanigan responded to the Plaintiff by stating that Mr. Travis wanted all Leasing Agents to be placed on probationary status for the purpose of setting expectations related to requesting time off for medical leave.

17. On or around early January 2020, Plaintiff had to request approximately three days off work as a reasonable accommodation as a result of an episode of acute pain and nausea as brought on by her disability.

18. During Plaintiff's episode as described in para. 17, above, Plaintiff's mother, who lives in the apartment complex, stopped by the apartment's front office for reasons unrelated to Plaintiff's employment. While in the front office, Ms. Lanigan complained to Plaintiff's mother that Plaintiff should be at work instead of taking time off related to her disability.

19. Upon being notified of Ms. Lanigan's comments to Plaintiff's mother, Plaintiff decided to print off from the internet educational documents related to Crohn's Disease, Lupus, and Factor 5 Blood Clotting, and provided the same to Ms. Lanigan, in an effort to educate Ms. Lanigan on the specific symptoms Plaintiff was suffering from during the times that she was required to take time off of work.

20. On or around January 24, 2020, Plaintiff was given FMLA paperwork by the Defendant for the purpose of requesting intermittent leave to attend doctor's appointments or recover from episodes of acute pain and nausea.

21. On or around February 10, 2020, Mr. Travis showed up to the apartment complex and requested a meeting with Plaintiff and Ms. Lanigan.

22. During this meeting, Plaintiff was informed that she was being terminated effective immediately "due to attendance". At this time, Mr. Travis stated to the Plaintiff, "we just need someone who won't need as many days off for sick leave."

23. Subsequent to Plaintiff's termination, her job position continued to exist.

24. As a direct result of the Defendant's conduct, the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay, along with the value of benefits associated with such wages) and garden variety emotional distress/dignitary harm including worry, stress, frustration and similar unpleasant emotions.

25. At the least, significant factors in the decision to terminate the Plaintiff's employment include her disability and her requests for reasonable accommodation.

26. On or about February 24, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC transferred Plaintiff's Charge of Discrimination to the Office of Civil Rights Enforcement with Office of the Attorney General on or about April 22, 2020. On or about December 11, 2020, the OCRE issued Plaintiff her right to sue letter, and the Plaintiff received the same thereafter. Accordingly, Plaintiff has exhausted her administrative remedies and this petition is filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

27. Disability discrimination and retaliation after an employee requests accommodation violates the ADA and OADA.

28. Under both the ADA and the OADA, Plaintiff is entitled to recovery for her wage loss (including back, present, and front pay, along with the value of benefits associated with such wages) and emotional distress/dignitary harm.

29. Under the ADA, Plaintiff is entitled to recover punitive damages because the Defendants' conduct was willful or, at the least, in reckless disregard for Plaintiff's rights.

30. Plaintiff is entitled to liquidated damages under the OADA.

31. Plaintiff is entitled to attorneys' fees under both claims.

### PRAYER

**WHEREFORE,** Plaintiff requests this Court enter judgment in her favor and against the Defendant and grant her all compensatory damages suffered, together with all damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS \_\_8th\_\_ DAY OF JANUARY 2021.**

        HAMMONS HURST & ASSOCIATES

        */s/ Brandon D. Roberts*

        Mark E. Hammons, OBA No. 3784
        Amber L. Hurst OBA No. 21231
        Brandon D. Roberts OBA No. 34012
        325 Dean A. McGee Avenue
        Oklahoma City, Oklahoma 73102
        Telephone: (405) 235-6100
        Email: brandon@hammonslaw.com
        JURY TRIAL DEMANDED
        ATTORNEY LIEN CLAIMED